UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| AMINATA M. WILLIAMS<br>13107 Ogles Hope Drive,<br>Bowie, Maryland 20730<br>　　　　　　　　　　　*Plaintiff*<br><br>　　　　　　*vs.*<br><br>21st MORTGAGE CORPORATION<br>620 Market Street<br>Knoxville, Tennessee 37902<br>　　　　　　*Serve*:<br>　　　　CSC-Lawyers Incorporating Service<br>　　　　7 St. Paul Street, Suite 1660<br>　　　　Baltimore, Maryland 21202<br><br>　　　　　　and<br><br>U.S. BANK, N.A.<br>Trustee for the RASC 2007-EMX1 Trust<br>800 Nicollet Mall<br>BC-MN-H210<br>Minneapolis, Minnesota 55402<br>　　　　　　*Serve*:<br>　　　　The Corporation Trust Inc.<br>　　　　351 West Camden Street<br>　　　　Baltimore, Maryland 21201<br><br>　　　　　　and<br><br>OCWEN LOAN SERVICING<br>P.O. Box 780<br>Waterloo, IA 50704-0780<br>　　　　　　*Serve*:<br>　　　　CSC-Lawyers Incorporating Service<br>　　　　7 St. Paul Street, Suite 1660<br>　　　　Baltimore, Maryland 21202<br><br>　　　　　　and<br>RESIDENTIAL FUNDING COMPANY, LLC<br>One Meridian Crossings<br>Suite 100<br>Minneapolis, Minnesota 55402 | Case No: |

*Serve*:                                          )
**CSC-Lawyers Incorporating Service**   )
**7 St. Paul Street, Suite 1660**          )
**Baltimore, Maryland 21202**             )
                                                  )
                  **and**                         )
                                                  )
**JOHN DOES 1 THROUGH 10**            )
*Defendants*                                    )
_____ )

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

Comes now the Debtor, Aminata M. Williams (hereinafter "Plaintiff"), by and through her counsel, Charles C. Iweanoge and THE IWEANOGES' FIRM, PC and states and avers as follows:

### I.      INTRODUCTION

1.      Plaintiff is files this action against 21ST Mortgage Corporation (hereinafter "21st Mortgage"), U.S. Bank, N.A., Residential Funding Company, LLC and JOHN DOES 1 through 10 for injunctive relief, declaratory judgment and quiet title:

2.      Defendant, 21st Mortgage is attempting to foreclose 13107 Ogles Hope Drive, Bowie, Maryland 20720 based upon a void lien, note and deed of trust pursuant to Truth-In-Lending-Act, (TILA) 15 U.S.C. § 1640(e) and Reg. Z.

### JURISDICTION AND VENUE

3.      This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331, pursuant to 28 U.S.C. § 2201, 15 U.S.C. § 1640(e) and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claim to quiet title because Plaintiff's claims are so related to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United

States Constitution.

4.      Venue is proper in the United States District Court for the District of Maryland (Greenbelt) in that all events or omissions giving rise to the claims set forth herein occurred within the State of Maryland; and, further, the real property is located within Prince George's County, Maryland.  28 U.S.C. § 1391(b)(2).

## PARTIES

5.      Plaintiff, Aminata M. Williams, resides in the improved real property that is the subject of this litigation located at 13107 Ogles Hope Drive, Bowie, Maryland 20720 ("Real Property").

7.      Defendant 21st Mortgage Corporation is a Delaware Corporation licensed to do business in the State of Maryland pursuant to records maintained by the Maryland Department of Assessments and Taxation; and, maintains a principal place of business located at 620 Market Street, Knoxville, Tennessee 37902.

8.      Defendant U.S. Bank, N.A. ("US Bank") is a bank chartered under the laws of the United States and licensed to do business in the State of Maryland pursuant to records maintained by the Maryland Department of Assessments and Taxation; and, maintains a principal place of business located at 800 Nicollet Mall, BC-MN-H210, Minneapolis, Minnesota 55402. US Bank is Trustee for and on behalf of the RASC 2007-EMX1 Trust, a real estate mortgage investment conduit ("REMIC").

9.      Defendants, OCWEN Loan Servicing, LLC ("OCWEN") and Residential Funding Company, LLC ("Residential Funding") are Delaware corporations licensed to do business in the State of Maryland pursuant to records maintained by the Maryland Department of Assessments and Taxation.

10.     Defendant John Does 1 through 10 are other persons and/or entities, presently unknown, that may have and/or claim any interest in and to the void Note and void Deed of Trust which 21st Mortgage is illegally attempting to use for foreclosure of 13107 Ogles Hope Drive, Bowie, Maryland 20720.

## FACTS

11.     On August 18, 2004, Plaintiff acquired a 99% interest as tenant in common together with Usman Ahmad, collectively as to the subject Real Property pursuant to Deed of same date recorded on September 23, 2004, in Liber 20443 at folio 366 among the Land Records of Prince George's County, Maryland. Subsequently, Usman Ahmad conveyed his 1% interest in the Real Property unto the Plaintiff.

12.     On September 25, 2006, Plaintiff refinanced her mortgage by borrowing Seven Hundred Thirty-Two Thousand Dollars ($732,000.00) from Mortgage Lenders Network USA, Inc. (hereinafter referred to as "MLN").

13.     On September 19, 2008, Plaintiff tendered a Notice of Rescission pursuant to 12 C.F.R. § 226.23 and 15 USC §1635(a) by facsimile, certified mail and regular mail unto Homecomings Financial. **Exhibit 1**. The rescission was tendered within three years of the loan and before Plaintiff was provided a copy of the Truth in Lending Disclosure and right to rescind documents. See 15 USC § 1635(f).

15.     As the United States Supreme Court held in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S.Ct. 790, 190 L.Ed.2d 650 (2015)

> A borrower exercising his right to rescind under the Act need only provide written notice to his lender within the 3-year period, not file suit within

that period. Section 1635(a)'s unequivocal terms—a bor- rower "shall have the right to rescind . . . *by notifying the creditor . . . of his intention to do so*"

16.     As provided in 12 C.F.R. § 226.23(d) the "***security interest giving rise to the right of rescission becomes void*** and the consumer shall not be liable for any amount, including any finance charge." The security interest on 13107 Ogles Hope Drive, Bowie, Maryland 20720 is void as a matter of law based on 12 C.F.R. § 226.23(d).

17.     Sixty-seven (67) days after receipt of the letter, Homecomings Financial acknowledged Plaintiff's notice of rescission by letter dated November 25, 2008 disputing the rescission. **Exhibit 2.** However, as the Supreme Court stated in *Jesinoski* "Section 1635(a) nowhere suggests a distinction between disputed and undisputed rescissions, much less that a lawsuit would be required for the latter".

18.     It has been more than seven (7) years since the note and deed of trust became void. The refusal on the part of Homecomings Financial to accept Plaintiff's recession and tender offer, eliminated Plaintiff's obligation to tender the net proceeds of the loan, and with the passage of twenty days therefrom caused ownership of the property without any encumbrance or lien to vest in Plaintiff as a matter of law. 15 USC § 1635(b) and 12 C.F.R. § 226.23(d)(3).

19.     21st Mortgage lacks standing to challenge a void note and deed of trust that it purports was assigned to it several years after Plaintiff's rescission.

20.     Also, the void Note is indorsed on multiple occasions; specifically:

a.     Indorsement No. 1: The instrument is specifically indorsed "Pay to the Order of EMAX Financial Group, LLC, without Recourse by Mortgage Lenders Network USA, Inc." by Tamsha Young, Closer. There is no date on the instrument as to when this indorsement was made. **See Exhibit 3.**

b.  Indorsement No. 2: The instrument, pursuant to the first of two allonges, is specifically indorsed "Pay to the Order of Residential Funding Company, LLC f/k/a Residential Funding Corporation, Without Recourse by EMAX Financial Group, LLC," by John Hagebook, Assistant Vice President. There is no date on the instrument as to when this indorsement was made. **See Exhibit 3.**

c.  Indorsement No. 3: The instrument, by way of specific indorsement supplied to the first of two allonges, is indorsed "Pay to the Order of U.S. Bank National Association as Trustee, Without Recourse by Residential Funding Company, LLC," by Judy Faber, Vice President.[33] There is no date on the instrument as to when this indorsement was made. **See Exhibit 3.**

d.  Indorsement No. 4: The instrument, by way of blank indorsement supplied to the first of two allonges, is indorsed "Pay to the Order of [no designation made] Without Recourse by Residential Funding Company, LLC," by Judy Faber, Vice President. There is no date on the instrument as to when this indorsement was made. **See Exhibit 3.**

e.  Indorsement No. 5: The instrument, by way of specific indorsement supplied to the second of two allonges, is indorsed "Pay to the Order of Residential Funding Company, LLC, Without Recourse by U.S. Bank National Association as Trustee by Residential Funding Company LLC fka Residential Funding Corporation Attorney in Fact," by Alexis Clinton, Limited Signing Officer. There is no date on the instrument as to when this indorsement was made. **See Exhibit 3.**

21.  Review of the records maintained by Prince George's County Land

Records, show that the beneficial interests in and to the subject Deed of Trust have

been assigned on multiple occasions after the deed of trust became void; specifically:

a.  Assignment No. 1: Pursuant to Assignment dated June 10, 2009, and recorded on June 18, 2009, in Liber 30719 at folio 553, Mortgage Electronic Registration Systems, Inc. ("MERS") "assigned and transferred to Residential Funding Real Estate Holdings, LLC, Assignee herein, its successors and assigns, all right, title, and interest in and unto [the subject Deed of Trust]." Said Assignment was executed by Jeffrey Stephan as alleged Vice President of MERS. **See Exhibit 4.**

b.  Assignment No. 2: Corporate Assignment of Deed of Trust dated September 11, 2012, and recorded on October 9, 2012, in Liber 34006 at folio 430, Residential Funding Real Estate Holdings, LLC

transferred and assigned all beneficial interest in and to the subject Deed of Trust unto Residential Funding Company, LLC. **See Exhibit 4.** Both Residential Funding Real Estate Holdings, LLC and Residential Funding Company, LLC were, as of the date of this Assignment, then subject to bankruptcy proceedings initiated before the U.S. Bankruptcy Court for the Southern District of New York as debtors therein.

c.   Assignment No.3: Corporate Assignment of Deed of Trust dated June 17, 2013, and recorded on November 7, 2013, in Liber 35387 at folio 285, Residential Funding Real Estate Holdings, LLC transferred and assigned all beneficial interest in and to the subject Deed of Trust unto 21st Mortgage Corporation. **See Exhibit 4.** Residential Funding Real Estate Holdings, LLC was, as of the date of this Assignment, then subject to bankruptcy proceedings initiated before the U.S. Bankruptcy Court for the Southern District of New York as debtor therein.

d.   Assignment No 4: Corporate Assignment of Deed of Trust dated October 24, 2013, and recorded on November 7, 2013, in Liber 35387 at folio 091, Residential Funding Real Estate Holdings, LLC transferred and assigned all beneficial interest in and to the subject Deed of Trust unto 21st Mortgage Corporation. **See Exhibit 4** The recording of this Assignment was requested by Ocwen Loan Servicing, LLC. Residential Funding Real Estate Holdings, LLC was, as of the date of this Assignment, then subject to bankruptcy proceedings initiated before the U.S. Bankruptcy Court for the Southern District of New York as debtor therein.

22.   The Note and Deed of Trust on 13107 Ogles Hope Drive, Bowie, Maryland 20720 are void as a matter of law.

## COUNT I: DECLARATORY JUDGMENT

Plaintiff incorporates the proceeding paragraphs hereto as if fully set forth herein.

23.   Pursuant to the Declaratory Judgment Act set forth at 28 U.S.C. § 2201, *et seq.,*

In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

24.     There is an actual controversy between Plaintiff and all named

Defendants due to the following:

- a.    21st Mortgage claims an amount due and owing from the Plaintiff pursuant to the loan evidenced by the Note, which amount it further claims is secured by virtue of the lien imposed by the subject Deed of Trust against the subject real property.

- b.    Conversely, Plaintiff asserts that as a matter of law the Note and the Deed of Trust are void by virtue of her timely rescission; and,

- c.    Notwithstanding the aforestated, 21st Mortgage has no legal right and/or standing to enforce a void deed of trust and note; and, further,

WHEREFORE, Plaintiff respectfully prays unto this honorable Court as follows:

(1)     That an Order be issued for the reasons heretofore set forth, declaring the

following:

(A)     That the Note and Deed of Trust were void as a matter of law in

2008;

(B)     That Defendant lacks standing to defend this action and/or

enforce a void note and deed of trust;

(C)     That Defendant 21st Mortgage cannot foreclose 13107 Ogles Hope

Drive, Bowie, Maryland 20720 based on void Note and Deed of Trust.

## COUNT II: INJUNCTIVE RELIEF

24.     Plaintiff incorporates the preceding paragraphs as if fully set forth

herein.

25.     21st Mortgage, by and through Ocwen Loan Servicing, LLC as "Attorney-

in-Fact appointed John E. Driscoll, III, Jana M. Gantt, Laura D. Harris, Kimberly Lane and Deena L. Reynolds ("Substitute Trustees") as Substitute Trustees pursuant to a "Substitute of Trustee" dated June 19, 2013 and recorded November 7, 2013, among the Land Records of Prince George's County, Maryland in Liber 35387 at folio 286.

26.     On November 7, 2013, the Substitute Trustees initiated a foreclosure action relative to the void Note and Deed of Trust by filing an Order to Docket with the Circuit Court for Prince George's County, Maryland, styled "*John E. Driscoll, III, et al. vs. Aminata Williams,*" Case No. CAEF13-33472.

27.     The substitute Trustee has scheduled the foreclosure of the property for May 5, 2016 necessitating that this Court enter an injunction barring 21st Mortgage from foreclosing 13107 Ogles Hope Drive, Bowie, Maryland 20720 based on void note and deed of trust.

28.     Plaintiff avers that, pursuant to the foregoing, the Substitute Trustees are not authorized to act for and/or at the request of the Note holder because the Note and Deed of Trust are void as a matter of law since 2008.

29.     Plaintiff is threatened with immediate, irreparable harm if Defendant, 21st Mortgage to continue with the unlawful foreclosure sale on May 5, 2016. If Defendants are not stopped from commencing and/or pursuing any action to further an unlawful claim to an interest in the Property, Plaintiff could and would thereby lose her home,

30.     Plaintiff is entitled to a temporary restraining order and preliminary and permanent injunction against all Defendants in this case, and their assigns, prohibiting them from taking any action to foreclose, auction, sell, transfer and/or

possess the aforesaid real property and/or any interest therein.

31.     Plaintiff has a strong likelihood of prevailing on the merits based on the issues presented herein; specifically, *to wit*: void note and deed of trust.

32.     Plaintiff requests that this Court grant a temporary restraining order and preliminary and permanent injunction precluding Defendants from engaging in any wrongful conduct and/or foreclosure during the pendency of this action and in the future.

33.     Foreclosure of the property will cause irreparable harm to the Plaintiff and there will be no adequate remedy at law because of the unique nature of Plaintiff's property.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully prays unto this honorable Court as follows:

(2)     That an Order be issued, for the reasons heretofore set forth:

(A)     Enjoining the Foreclosure of 13107 Ogles Hope Drive, Bowie, Maryland 20720 based on the void note and deed of trust; and,

(B)     For mandatory and prohibitory temporary restraining order, preliminary injunction, and permanent injunction enjoining Defendants as follows:

(i)     That the Defendants be enjoined from initiating and/or maintaining any foreclosure action against Plaintiff and/or her interest in and to her Property; and,

a.     For such other and further injunctive relief as may be deemed just and proper under the circumstances.

## COUNT III  QUIET TITLE

33.     Plaintiff is the owner of certain residential real property known as 13107 Ogles Hope Drive, Bowie, Maryland 20720, as is more particularly described by a deed recorded in the land records for Prince George's County. A copy of the deed to the property is attached and incorporated as **Exhibit 5**.

34.     Mortgage Lenders Network USA, Inc. recorded a Note and Deed of Trust dated September 25, 2006 on November 1, 2006, in Liber 26341 at folio 705 among the Land Records of Prince George's County, Maryland.

35.     The Note and Deed of Trust became void as a matter of law on October 9, 2008 following Plaintiff's rescission on September 19, 2008. Mortgage Lenders Network USA, Inc and/or its subsequent purported assignee, Residential Funding Company, LLC did not bring any legal action to challenge Plaintiff's rescission that voided the Note and Deed of Trust pursuant TILA as aforestated.

36.     21st Mortgage has no claim or right to any lien or encumbrance on the property known as 13107 Ogles Hope Drive, Bowie, Maryland 20720, since the Note and Deed of Trust dated September 25, 2006 recorded on November 1, 2006, in Liber 26341 at folio 705 among the Land Records of Prince George's County, Maryland is void.

37.     Plaintiff seeks to remove any cloud from her title to the property known as 13107 Ogles Hope Drive, Bowie, Maryland 20720 resulting from the void Note and Deed of Trust being used by 21st Mortgage to foreclosure the property.

WHEREFORE, Plaintiff demands an order of this court declaring that Aminata Williams is the absolute owner of 13107 Ogles Hope Drive, Bowie, Maryland 20720 without any lien or encumbrance and enjoining 21st Mortgage from asserting any

claim or rights, at law, equity or otherwise, relating to the voided Note and Deed of Trust and such other and further relief as this Court may deem appropriate.

## CERTIFICATION

I, Aminata M Williams, Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that all of the forgoing is true and correct. Executed on the date set forth below.

_____
Aminata M. Williams


Respectfully submitted,
THE IWEANOGES' FIRM, PC

By: _____
Charles C. Iweanoge (Bar # 14576)
**IWEANOGE LAW CENTER**
1026 Monroe Street, N.E.
Washington, DC  20017-1760
Phone:  (202) 347-7026
Fax: (202) 347-7108
Email: cci@iweanogesfirm.com

# EXHIBIT 1

**Aminata M. Williams**
**13107 Ogles Hope Drive**
**Bowie, MD 20720**
**Telephone: 301.805.6946**
**Facsimile: 866.252.5607**

September 19, 2008

## VIA FACSIMILE 800.211.3561 AND CERTIFIED MAIL

Loss Mitigation Department
Homecomings Financial
2711 N. Haskell Avenue
Suite 900
Dallas, Texas 75204

RE:    Loan No. 7655546018
       Property Address:    13107 Ogles Hope Drive, Bowie, MD 20720

Dear Sir or Madam:

The purpose of this letter is to formally rescind the captioned loan which was entered into between myself and Homecomings Financial in September, 2006. I am exercising this as my right pursuant to the Federal Truth in Lending Act, 15 U.S.C. §1635 and Regulation Z §226.23. In addition, I reserve the right to raise additional or alternative grounds for rescission under state of federal law.

Based on information received from a third-party mortgage auditing firm, the Truth in Lending (TIL) disclosure statement provided to me at closing was defective in a number of ways. As a result I have an extended right of rescission for three (3) years from the date of the transaction under 15 U.S.C. §1635(f) and 15 U.S.C. §1635(i)(1)(a).

I wish to keep my home and would like to discuss with you tender arrangements for the amount due (the amount financed less all loan charges and costs associated with the loan and all payments made to date), once you have effectuated the rescission. Please forward to me an itemization of the loan disbursements, the loan charges, the current principal balance and a payment history so that an exact amount needed for tender can be calculated.

The security interest held by Homecomings Financial, as its servicer or successor in interest, is void upon the mailing of this notice under 15 U.S.C. §1635 and Regulation Z §226.23. Pursuant to Regulation Z, you have twenty (20) days after receipt of this notice of rescission to return to me all monies paid and to take all action necessary or appropriate to reflect termination of the security interest.

Through my yet to be determined counsel, we will prepare to discuss a tender offer obligation, should it arise, and satisfactory ways in which I can meet my obligation. Please be advised that if you choose to not cancel the security interest and return all consideration paid by me within twenty (20) days from receipt of this letter, you will be responsible for actual and statutory damages pursuant to 15 U.S.C. §1640(a).

Homecomings Financial
September 19, 2008
Page 2 of 2

Once the security interest in this property has been voided, based on the Truth in Lending Act,
foreclosure proceedings are not legally allowed and neither you, as the Lender or your Substitute
Trustee, have the right to foreclose on the property.

Sincerely,

Aminata M. Williams

cc:      Samuel I. White, P. C. via Facsimile to 757.497.2802
         5040 Corporate Woods Drive
         Suite 120
         Virginia Beach, VA 233462

         Mortgage Lenders Network via Certified Mail
         Attn: Loss Mitigation Department
         213 Court Street
         Middletown, CT 06457

# EXHIBIT 2

**Homecomings Financial**

*A GMAC Company*

November 25, 2008

Ms. Aminata M. Williams
13107 Ogles Hope Drive
Bowie, MD 20720

Re:     Loan number 7655546018 ("Loan")

Dear Ms. Williams:

We are writing in response to your correspondence to Homecomings Financial, LLC
("Homecomings") requesting rescission of the loan transaction you entered into with
Mortgage Lenders Network USA, Inc. on September 25, 2006.

We have reviewed your file and find no basis to conclude that there were any material
disclosure errors that would give rise to an extended right of rescission. Consequently,
Homecomings will not rescind the Loan transaction at this time.

If you have any documents that support the rescission demand, or further information that
sets forth the basis of the demand, please contact me at the address below.

Sincerely,

Kathy Priore
Associate Counsel

# EXHIBIT 3



Exhibit
A

## ADJUSTABLE RATE BALLOON NOTE
### 30-YEAR TERM / 40-YEAR AMORTIZATION
(Assumable during Life of Loan)

**THIS LOAN IS PAYABLE IN FULL AT MATURITY. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. THE LENDER IS UNDER NO OBLIGATION TO REFINANCE THE LOAN AT THAT TIME. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN, OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY BE THE LENDER YOU HAVE THIS LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.**

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

| September 25, 2006 | PISCATAWAY | New Jersey |
|---|---|---|
| [Date] | [City] | [State] |

**13107 OGELS HOPE DRIVE   , BOWIE, MD 20720**
[Property Address]

### 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $   **732,000.00**   (this is called "Principal"), plus interest, to the order of the Lender. The Lender is **MORTGAGE LENDERS NETWORK USA, INC.**   . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.   INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of   **9.4900**   %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

Represents Redacted Information

40/30 MULTISTATE ADJUSTABLE BALLOON NOTE (ADJUSTABLE RATE) (Assumable)

4030N1MU 4/06                     Page 1 of 4                     Initials: _AW_

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay Principal and interest by making a payment every month.

I will make my monthly payments on the **1st** day of each month beginning on **November 1, 2006**. I will make these payments every month until I have paid all of the Principal and interest and any other charges that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **October 1, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **10 RESEARCH PARKWAY, WALLINGFORD, CT   06492**

or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. $ **5,923.96** . This amount may change.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid Principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

## 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on **October 1, 2008**, and may change on that day every **6th** month thereafter.  Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index.  The "Index" is the six month London Interbank Offered Rate ("LIBOR") which is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market, as published in *The Wall Street Journal*.  The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding **Six and Forty-Nine Hundredths** percentage points ( **6.49000** %) to the Current Index.  The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid Principal that I am expected to owe at the Change Date in full on **October 1, 2046** (which is called the "Amortization Date") in substantially equal installments at my new interest rate.  The result of this calculation will be the new amount of my monthly payment.

**Notwithstanding the 40-year amortization period used to calculate my monthly payments, I understand that I must pay all amounts that I owe under this Note in full or on the Maturity Date, which is approximately 30 years from the date of this Note.**

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than **12.4900** % or less than **9.4900** %.  Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than **One** percentage point(s) ( **1.0000** %) from the rate of interest I have been paying for the preceding 6 months.

My interest rate will never be greater than **15.4900** %. My interest rate will never be less than **9.4900** %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date.  I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change.  The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

40/30 MULTISTATE BALLOON NOTE (ADJUSTABLE RATE) (Assumable)
4030N2MU 4/06                               Page 2 of 4                          Initials: AW

## 5. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayment without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

## 6. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 7. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **15** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000** % of my overdue payment of Principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Cost and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 9. OBLIGATIONS OF THE PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is the guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

40/30 MULTISTATE BALLOON NOTE (ADJUSTABLE RATE) (Assumable)
4030N3MU 4/06                                   Page 3 of 4                                   Initials: ___

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. SECURED NOTE**

In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of the conditions read as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.
>
> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.
>
> To the extend permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.
>
> If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEALS(S) OF THE UNDERSIGNED.

_____ (Seal)
AMINATA WILLIAMS                        -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

_____ (Seal)
                                       -Borrower

PAY TO THE ORDER OF:
EMAX FINANCIAL GROUP, LLC
WITHOUT RECOURSE
By: MORTGAGE LENDERS NETWORK USA, INC.

TAMISHA YOUNG
CLOSER

*[Sign Original Only]*

40/30 MULTISTATE BALLOON NOTE (ADJUSTABLE RATE) (Assumable)

4030N4MU 4/06                    Page 4 of 4

### ALLONGE TO PROMISSORY NOTE

FOR PURPOSES OF FURTHER ENDORSEMENT OF THE FOLLOWING DESCRIBED NOTE, THIS
ALLONGE IS AFFIXED AND BECOMES A PERMANENT PART OF SAID NOTE

POOL:          0          LOAN ID:

NOTE DATE:     9/25/2006          LOAN AMOUNT:          $732,000.00

BORROWER NAME:  AMINATA  WILLIAMS

PROPERTY ADDRESS:   13107 OGELS HOPE DRIVE, BOWIE, MD 20720

PAY TO THE ORDER OF

Residential Funding Company, LLC fka Residential Funding Corporation

WITHOUT RECOURSE

Emax Financial Group, Llc

By:

Name: John Hagebock

Title: Assistant Vice President

PAY TO THE ORDER OF
U.S. Bank National Association as Trustee
WITHOUT RECOURSE
Residential Funding Company, LLC

By _____ Judy Faber

Judy Faber, Vice President

PAY TO THE ORDER OF

WITHOUT RECOURSE
Residential Funding Company, LLC

By _____ Judy Faber

Judy Faber, Vice President



**GMAC #**  **WILLIAMS**
**RFC#:** _____ DC

### ALLONGE TO PROMISSORY NOTE

**For Purposes of Further Endorsement of the Following Described Note, this Allonge is affixed and becomes a Permanent Part of said Note.**

**NOTE DATED:  SEPTEMBER 25, 2006**
**LOAN AMOUNT: $732,000**
**BORROWER: AMINATA WILLIAMS**
**ORIGINAL LENDER: MORTGAGE LENDERS NETWORK USA, INC.**

**PROPERTY: 13107 OGELS HOPE DRIVE**
**                BOWIE, MD  20720**

**PAY TO THE ORDER OF:**

**RESIDENTIAL FUNDING COMPANY LLC**

**WITHOUT RECOURSE**
**US BANK NATIONAL ASSOCIATION AS TRUSTEE BY RESIDENTIAL FUNDING COMPANY LLC FKA RESIDENTIAL FUNDING ORPORATION ATTORNEY IN FACT**

_Alexis Clinton_
**ALEXIS CLINTON**
**LIMITED SIGNING OFFICER**

# EXHIBIT 4

## ASSIGNMENT

**FOR VALUE RECEIVED, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ( MERS )**, Assignor herein, its successor and assigns, hereby assigned and transfered to Residential Funding Real Estate Holdings, LLC, Assignee herein, its successors and assigns, all right, title, and interest in and unto a certain Deed of Trust, dated September 25, 2006 and executed by AMINATA WILLIAMS to MITCHELL L. HEFFERNAN, Trustee, securing an indebtedness in the original amount of $732,000.00 , and recorded at Liber 26341 at Folio 705 , among the land records of the COUNTY OF PRINCE GEORGE'S , MD.

Commonly known as 13107 OGLES HOPE DR *, Bowie, MD

Signed on this _10_ day of _June_ , 2009

ASSIGNOR: Mortgage Electronic Registration Systems, Inc. ( MERS )

(Seal)

By: _____

Name:

Title:

**Jeffrey Stephan**
**Vice President**

STATE OF      )
COUNTY OF   ) SS.   Montgomery

On _6/10/09_ , before me, _Susan Turner_ personally appeared _Jeffrey Stephan_ personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Pennsylvania Association of Notaries

Notary Public
My Commission expires:

PREPARED BY: SHAPIRO & BURSON, LLP
13135 Lee Jackson Highway,
Suite 201,
Fairfax, Virginia 22033

SB #09-157877

GMAC MORTGAGE, LLC
3451 HAMMOND AVE
WATERLOO, IA 50702

```
INP ED SURE $        40.00
RECORDING FEE        20.00
TOTAL                60.00
Res# PG06    Rcpt # 61152
MMB     JKF    Blk # 1542
Oct 09, 2012     10:38 am
```

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Prince George's, Maryland**
**SELLER'S SERVICING #:7655546018 "WILLIAM"**

**MERS #: 100261030300733630  SIS #: 1-888-679-6377**

Date of Assignment: September 10th, 2012
Assignor: RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC at 1100 VIRGINIA DRIVE, FT.
WASHINGTON, PA 19034
Assignee: RESIDENTIAL FUNDING COMPANY, LLC at 1100 VIRGINIA DRIVE, FT WASHINGTON, PA
19034

Executed By: AMINATA WILLIAMS  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
("MERS"), (SOLELY AS NOMINEE FOR LENDER, MORTGAGE LENDERS NETWORK USA, INC.)
Date of Deed of Trust:  09/25/2006 Recorded:  11/01/2006  in Book/Reel/Liber: 26341 Page/Folio: 705 as
Instrument No.: N/A  In the County of Prince George's, State of Maryland.

Property Address: 13107 OGELS HOPE DRIVE, BOWIE, MD 20720

   KNOW ALL MEN BY THESE PRESENTS that in consideration of the sum of TEN and NO/100ths
DOLLARS and other good and valuable consideration, paid to the above named assignor, the receipt and
sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named
assignee, the said Deed of Trust having an original principal sum of $732,000.00 with interest, secured
thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the
full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor
hereby grants and conveys unto the said assignee, the assignor's beneficial interest under the Deed of
Trust.

   TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said assignee forever,
subject to the terms contained in said Deed of Trust.

   IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above
written:

RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC
On  9-11-12

By: _____
Rachael Stammel
_____, Authorized Officer

Officer, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

TAMIKA JOHNSON
Notary Expires: 02/02/2015  #771501

TAMIKA JOHNSON
COMMISSION NO. 771501
MY COMMISSION EXPIRES
February 2, 2015

(This area for notarial seal)

Clerk of the
Circuit Court

2013 NOV -7 AM 10: 8
PR GEO CO MD 35387 265

File No.: 50-006059-13
Williams

## CORPORATE ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, **RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC**, does hereby assign and transfer to **21ST MORTGAGE CORPORATION**, , all its right, title and interest in and to a certain Deed of Trust in the original principal amount of $732,000.00 executed by Aminata Williams  to Mitchell L. Heffernan as Trustee(s) and bearing the date of the 25th day of September, 2006, and recorded on the 1st day of November, 2006, in the office of the Clerk of the Circuit Court of Prince George's County, Maryland, in Deed Book 26341, at page 705.

Property Address:      13107 Ogels Hope Drive, Bowie, MD 20720
Tax ID:                07-3505971

Signed on the 17thday of __June_____, 20 13

RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC

By: _Stephanie Rhoads_
Stephanie Rhoads
Authorized Officer

STATE OF __Pennsylvania____
COUNTY OF _Montgomery____

On _June 17, 2013___ before me, ____**Patricia Nolan Hoffman**_____,
(Here insert name and title of the officer)

personally  appeared  _____Stephanie Rhoads_____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is /are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon the behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the Laws of the State of Pennsylvania that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Patricia Nolan Hoffman_
Notary Public Patricia Nolan Hoffman

My commission expires: __11-15-15__

(SEAL)
**COMMONWEALTH OF PENNSYLVANIA**
NOTARIAL SEAL
PATRICIA NOLAN HOFFMAN, Notary Public
City of Philadelphia, Phila. County
My Commission Expires November 15, 2015

IMP FD SURE $        40.00
RECORDING FEE         20.00
TOTAL                 60.00
Reet PG04    Rcrt # 53098
MMB    JKF    Blk # 1788
Nov 07, 2013      10:11 am

Prepared by and return to:
Samuel I. White, P.C.
Attn: Foreclosure Dept.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, VA 23462

Clerk of the
Circuit Court

Recording Requested By:
OCWEN LOAN SERVICING, LLC

2013 NOV -7  AM 9: 24

When Recorded Return To:

PR GEO CO MD #81

VICKIE HICKSON
OCWEN LOAN SERVICING
3451 HAMMOND AVE
WATERLOO, IA 50702

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

## CORPORATE ASSIGNMENT OF DEED OF TRUST

**Prince George's, Maryland**
**SELLER'S SERVICING #:7655546018  "WILLIAMS"**

**MERS #: 100261030300733630  SIS #: 1-888-679-6377**

Date of Assignment: October 24th, 2013
Assignor: RESIDENTIAL FUNDING COMPANY, LLC at 1100 VIRGINIA DRIVE, FT. WASHINGTON, PA 19034
Assignee: 21ST MORTGAGE CORPORATION at 620 MARKET STREET, STE 100, KNOXVILLE, TN 37902

Executed By: AMINATA WILLIAMS  To: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), SOLELY AS NOMINEE FOR MORTGAGE LENDERS NETWORK USA, INC., ITS SUCCESSORS AND/OR ASSIGNS
Date of Deed of Trust:  09/25/2006 Recorded:  11/01/2006  in Book/Reel/Liber: 26341 Page/Folio: 705 as Instrument No.: 3030073363  In the County of Prince George's, State of Maryland.

Property Address: 13107 OGELS HOPE DRIVE, BOWIE, MD 20720

KNOW ALL MEN BY THESE PRESENTS, that for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the said assignor hereby assigns unto the above-named assignee, the said Deed of Trust having an original principal sum of $732,000.00 with interest, secured thereby, with all moneys now owing or that may hereafter become due or owing in respect thereof, and the full benefit of all the powers and of all the covenants and provisos therein contained, and the said assignor hereby grants and conveys unto the said assignee, the assignor's interest under the Deed of Trust.
TO HAVE AND TO HOLD the said Deed of Trust, and the said property unto the said assignee forever, subject to the terms contained in said Deed of Trust.

IN WITNESS WHEREOF, the assignor has executed these presents the day and year first above written:

RESIDENTIAL FUNDING COMPANY, LLC
On _10-24-13_

By: _Vicu dl_

Vickie Hickson, Assistant Vice President

```
IMP FD SURE $        40.00
RECORDING FEE        20.00
TOTAL                60.00
Rest PC06      Rcpt $ 45750
HHB     NNR     Blk # 843
Nov 07, 2013         09:24 am
```

CORPORATE ASSIGNMENT OF DEED OF TRUST Page 2 of 2

STATE OF Iowa
COUNTY OF Black Hawk

On __10-24-13__ , before me, TERESA OLSON. a Notary Public in and for Black Hawk in the State
of Iowa, personally appeared _____ Vickie Hickson, Assistant Vice President
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal,

TERESA OLSON
Notary Expires: 07/03/2016  #779238

TERESA OLSON
COMMISSION NO.779238
MY COMMISSION EXPIRES
JULY 3, 2016

(This area for notarial seal)