IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| AMINATA M. WILLIAMS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-1210 |
| 21ST MORTGAGE CORPORATION, *et al.*, | * | |
| Defendants. | * | |

\*\*\*\*\*\*

## MEMORANDUM OPINION

Pending before the Court is a Motion to Dismiss filed by Defendants 21st Mortgage

Corporation and Ocwen Loan Servicing ("Ocwen") (ECF Nos. 33 and 34). The relevant issues

have been fully briefed and the court now rules pursuant to Local Rule 105.6 because no hearing

is necessary. For the reasons set forth below, the Court will GRANT Defendants' Motion to

Dismiss.

## I.     BACKGROUND[1]

### A.  Factual Background

Plaintiff Aminata M. Williams ("Plaintiff") resides at 13107 Ogles Hope Drive, Bowie,

Maryland 20720 (the "Property"). This matter arises out of foreclosure proceedings on the

Property, initiated by Defendant Ocwen as attorney-in-fact for Defendant 21st Mortgage

Corporation. *See* Amended Complaint, ECF No. 25 at 17; Defendant Ocwen's Reply, ECF No.

44 at 3. Defendant Residential Funding Company, LLC ("Residential Funding") was a prior

holder of the note and deed of trust at issue, ECF No. 25 at 7; ECF No. 33-8 at 13, and

---

[1] In considering Defendants' Motion to Dismiss, the Court relies upon the facts alleged in the Amended
Complaint, materials attached thereto, as well as matters of public record. *See Philips v. Pitt County
Memorial Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). All facts are viewed in the light most favorable to the
Plaintiff.

Defendant U.S. Bank, N.A. ("U.S. Bank") acted as Residential Funding's trustee. ECF No. 25 at 11; *see* ECF No. 33-8 at 14. At the heart of Plaintiff's claim is her purported rescission of her mortgage loan in 2008.

On September 25, 2006, Plaintiff refinanced her mortgage, executing a promissory note (the "Note") in the original principal amount of $732,000.00, payable to the Mortgage Lenders Network USA, Inc., ECF No. 33-6 at 1, and secured by a properly recorded deed of trust (the "Deed of Trust"). ECF No. 33-8; ECF No. 25 at 4. Plaintiff defaulted on the note in July 2007, after making nine monthly payments. ECF No. 25 at 6.

Plaintiff alleges that she never received any closing documentation from the title company, APlus Title Agency, Inc. ("APlus"). ECF No. 25 at 5. Further, Plaintiff alleges that the settlement documentation she received in response to her 2008 Qualified Written Requests to APlus and Homecomings Financial, the mortgage servicer, were inadequate. ECF No. 25 at 6.

On September 19, 2008, Plaintiff then sought to rescind her loan. Specifically, Plaintiff sent a letter to Homecomings Financial asserting rescission because the failure to provide proper disclosure and documents amounted to a Truth in Lending Act violation. Notice of Rescission, ECF No. 33-2; ECF No. 25 at 6. On November 25, 2008, Homecomings Financial replied to Williams, stating that they "reviewed [the] file and [found] no basis to conclude that there were any material disclosure errors that would give rise to an extended right or rescission." ECF No. 25 at 6–7.

Almost four years after this purported notice of rescission, Defendant Residential Funding held the Note and Deed of Trust from September 11, 2012 to June 17, 2013, ECF No. 25 at 9, and Defendant U.S. Bank was a Trustee to Residential Funding during that same time period. ECF No. 25 at 11; *see* ECF No. 33-8 at 14. The Note and Deed of Trust was then

transferred to Defendant 21st Mortgage Corporation. ECF No. 25 at 9. Plaintiff maintains that the rescission was valid, ECF No. 25 at 15, so consequently Defendant 21st Mortgage Corporation is the holder of an invalid Note and Deed of Trust and lacked standing to initiate the foreclosure in 2013.

### B.  Procedural History

On August 27, 2009, Homecomings Financial, the financial institution which secured the mortgage at the time, filed an action to foreclose on the Property in the Circuit Court for Prince George's County Maryland in *Burson, et al. v. Williams*, CAE 09-25087. This action was dismissed without prejudice by the Substitute Trustees on January 13, 2011.

On April 27, 2010, Plaintiff filed a Chapter 7 bankruptcy petition in the District of Maryland, *In re Williams*, Ch. 7 Case No. 10-19317 ("2010 Bankruptcy Proceeding"), one of Plaintiff's seven bankruptcy petitions to date. Plaintiff received a Chapter 7 discharge on August 10, 2010 and the case was dismissed on February 3, 2012. As a result of this bankruptcy adjudication, Plaintiff received a discharge of the Note obligation. *See* 2010 Bankruptcy Proceeding, Discharge Order, ECF No. 26; Schedule F, ECF No. 1-1 (listing mortgage debt on 1307 Ogles Hope Drive in the amount of $904,263.00).

On November 7, 2013, 21st Mortgage Corporation, through Substitute Trustees, initiated another foreclosure action in the Circuit Court for Prince George's County Maryland, CAEF13-33472 (the "State Foreclosure Action"). Plaintiff filed a Motion to Stay and or Dismiss in the State Foreclosure Action pursuant to Md. Rule 14-211, seeking to stay the sale of the property and dismiss the foreclosure action.[2] In Plaintiff's motion, she argued:

---

[2] Maryland Rule 14-211 allows the borrower to challenge a foreclosure sale by requesting that the Circuit Court stay the sale of the property and dismiss of the foreclosure action. *See Devan v. Bomar*, 225 Md. App. 258, 264 (2015) (citing Md. Rule 14-211).

> [Plaintiff Williams] rescinded the loan. As is clear from 15 USC §
> 1635(b), [Williams] upon exercise of the right of rescission, "is not
> liable for any finance or other charge, and any security interest
> given by the obligor, including any such interest arising by
> operation of law, becomes void upon such a rescission."
>
> [Williams] asserts that the Noet [sic] and Deed of Trust are void
> and cannot be a basis for the order to docket. Plaintiff asserts that
> 21st Mortgage holds no interest in and to the underlying loan and
> that any interest it may have was void in 2008 and the case should
> be dismissed . . . .
>
> Despite the fact that the loan is void, 21st Mortgage does not have
> standing to challenge this motion or legal standing to enforce the
> void Promissory Note under Maryland law.

State Foreclosure Action, ECF No. 18 at 7.

On May 5, 2016, the Circuit Court for Prince George's County denied Plaintiff's motion

in an order authorizing the Substitute Trustees to proceed with selling the Property. The Court

specifically held that:

> Upon review of the filings and opposition hereto, it is apparent to
> this Court that [Williams'] motion does not state a valid defense or
> present meritorious argument. [Williams] points the Court to 15
> U.S.C. § 1635(a) in support of her claim that she rescinded her
> residential mortgage transaction in 2008, however 15 U.S.C. §
> 1635(e)(1)-(2) exempts mortgage and refinance transactions from
> section 1635 of the U.S. Code and 12 C.F.R. § 226.23 is
> inapplicable in this case. Additionally, [Williams'] request [for a
> hearing] is not timely filed . . .
>
> ORDERED that [Williams'] emergency motion is DENIED
> without a hearing pursuant to MD Rule 14-211(b)(1); and it is
> further
>
> ORDERED that this case shall continue in due course.

State Foreclosure Action, ECF No. 22. Plaintiff moved for reconsideration of this order, State

Foreclosure Action, ECF No. 25, which was denied on September 16, 2016, State Foreclosure

Action, ECF No. 29. Plaintiff has appealed the decision to the Maryland Court of Special Appeals. State Foreclosure Action, ECF No. 34.

Before the Circuit Court's May 5th order and the scheduled foreclosure sale of the property on the same day, Plaintiff filed the instant federal action on April 22, 2016. Plaintiff first sought a temporary restraining order and preliminary injunction to prevent the May 5th foreclosure sale from occurring. After briefing and oral argument, the Court denied Plaintiff's requests on May 3, 2016. ECF No. 19.[3] The Court granted Plaintiff leave to file an Amended Complaint, ECF No. 19, which she filed on May 31, 2016. ECF No. 25.

In Plaintiff's Amended Complaint, Plaintiff asserts a single claim of fraud and misrepresentation against 21st Mortgage Corporation and Ocwen Loan Servicing. Plaintiff takes the same position that she did in the Circuit Court, claiming that the Note and Deed of Trust were void as of 2008, and so Defendant 21st Mortgage lacks standing to foreclose upon the Property. ECF No. 25 at 17. Plaintiff also alleges that the assignment of the loan to 21st Mortgage, as well as the Notice of Intent to Foreclose and the recorded Deed of Substitution of Trustees are invalid because the Note is 'void' following her rescission. Plaintiff also requests injunctive relief to determine the ownership of the Deed of Trust and halt the foreclosure action. ECF No. 25 at 19.

After this Court denied her TRO request and as a new foreclosure sale was to occur on May 5, 2016, Plaintiff again filed, in a pro se capacity, another Chapter 13 bankruptcy action,

---

[3] Plaintiff has appealed the denial of the request for temporary and preliminary relief to the Fourth Circuit (*Williams v. 21st Mortgage Corporation*, No. 16-1659 (4th Cir. filed June 9, 2016)). *See* ECF No. 26. "'Although an appeal usually deprives the district court of jurisdiction to proceed, an appeal under 28 U.S.C. § 1292(a)(1) from the denial of an interlocutory injunction is an exception to that norm.'" *Brennan v. William Paterson Coll.*, 492 Fed. App'x. 258, 263 (3d Cir. 2012) (quoting *In re Mann*, 311 F.3d 788, 793 (7th Cir. 2002)); *accord Thomas v. Bd. of Ed., Granville Cent. Sch. Dist.*, 607 F.2d 1043, 1047 n.7 (2d Cir. 1979); *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 211 n.8 (9th Cir. 1979). Thus, the Court retains jurisdiction over this action while Plaintiff's Fourth Circuit appeal is pending.

triggering an automatic stay of the foreclosure sale. Case No. 16-16197-WIL. The bankruptcy court granted relief from the automatic stay, and subsequently dismissed the bankruptcy petition on June 16, 2016. Plaintiff is barred from refiling for bankruptcy for at least one (1) year. Case No 16-16197-WIL, ECF No. 28.

On June 21, 2016, Defendant 21st Mortgage Corporation filed a Motion to Dismiss in this Court, ECF No. 33, which Defendant Ocwen joined. ECF No. 34. For the reasons that follow, Defendants' motion to dismiss will be GRANTED.

## II.     ANALYSIS

### A.  Dismissal of Defendants U.S. Bank, Residential Funding, and John Does 1 through 10

Defendants U.S. Bank and Residential Funding have failed to participate in this action, and after reviewing the Amended Complaint, their non-participation is sound. Where, as here, a Plaintiff has plainly failed to allege facts in a complaint setting forth a plausible claim for relief, a district court may *sua sponte* dismiss a defendant from a case for failure to state a claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 n.10 (4th Cir. 2006) ("[A] district court may *sua sponte* dismiss a complaint for failure to state a claim. . . . Where the face of a complaint plainly fails to state a claim for relief, a district court has 'no discretion' but to dismiss it.") (citing 5A Wright & Miller, *Federal Practice & Procedure* § 1357 (2d ed. 1990)); *Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants."); *Clinton Cmty. Hosp. Corp. v. S. Md. Med. Ctr.*, 374 F. Supp. 450, 453–54 (D. Md. 1974) (dismissing claim as to all

6

defendants where arguments made by one defendant for dismissal "apply equally to the [other] defendants . . . [and] have been exhaustively discussed by the plaintiff").

By Plaintiff's own pleading, Residential Funding held the Note and Deed of Trust from September 11, 2012 to June 17, 2013, ECF No. 25 at 9, and U.S. Bank was a Trustee to Residential Funding during that same time period. ECF No. 25 at 11. To the extent Plaintiff seeks to bring claims based on the purported 2008 rescission or the 2013 foreclosure, according to Plaintiff's own pleadings, Defendants U.S. Bank and Residential Funding played no role in the rescission. Nor is either U.S. Bank or Residential Funding the current trustee or holder of the Note involved in the current foreclosure proceedings. ECF No. 25 at 12; *see Gooden v. Wells Fargo Home Mortgage*, No. AW–08–2521, 2010 WL 1068119 (D. Md. Mar. 17, 2010) ("The Court finds that there is no case-or[-]controversy within the meaning of the Declaratory Judgment Act with respect to the foreclosure action, or any related claims, because Defendant has not foreclosed on the property and appears to have foregone the foreclosure action against the Plaintiffs."); *see also Willis v. Bank of Am. Corp.*, No. ELH-13-02615, 2014 WL 3829520, at *36 (D. Md. Aug. 1, 2014) (listing cases). Simply put, Plaintiff fails to allege that any case or controversy exists between them and U.S. Bank or Residential Funding.

Similarly, Plaintiff's request for injunctive relief to halt foreclosure proceedings does not reach U.S. Bank or Residential Funding because neither is involved in the underlying foreclosure action. ECF No. 25 at 17. Plaintiff also brings her claim of fraud and misrepresentation exclusively against Ocwen and 21st Mortgage Corporation. ECF No. 25 at 20. Accordingly, the Amended Complaint fails to state a claim against U.S. Bank and Residential Funding, and so they are dismissed from the action. *See Ricks v. Armstrong Int'l, Inc.*, No. 4:14-CV-37-BO, 2014 WL 2587611, at *2 (E.D.N.C. June 10, 2014).

Finally, because Plaintiff has failed to substitute actual individuals in place of Defendants John Does 1 through 10, these Defendants are also dismissed. "The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." *Chidi Njoku v. Unknown Special Unit Staff*, 217 F.3d 840 (4th Cir. 2000) (unpublished table) (citing *Roper v. Grayson*, 81 F.3d 124, 126 (10th Cir. 1996); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." *Schiff v. Kennedy*, 691 F.2d 196, 197 (4th Cir. 1982) (footnote omitted). The Court will not permit the use of a "John Doe" designation for a defendant "if the plaintiff's ignorance of the defendant's true identity is the result of willful neglect or lack of reasonable inquiry." *Saunders v. Boddie-Noell Enterprises, Inc.*, No. 7:08CV110, 2008 WL 2553047, at *2 (W.D. Va. June 25, 2008) (quoting 2 J. Moore et al., *Moore's Federal Practice* § 10.02(2)(d)(I) (3d ed. 2005)); *see also HMK Corp. v. Walsey*, 637 F. Supp. 710, 714 n.4 (E.D. Va. 1986) (citing *Schiff*, 691 F.2d at 197 (4th Cir. 1982)).

Plaintiff's liability regarding the Note has been adjudicated repeatedly in bankruptcy court, and this case stems from the ongoing State Foreclosure Action. Thus, Plaintiff has had more than sufficient time to conduct a reasonable inquiry into the true identity of the John Does. Because the Court finds that reasonable inquiry would have easily revealed their true identities, if they exist at all, the Court will dismiss without prejudice John Does 1 through 10 as defendants in this action. *See Saunders*, 2008 WL 2553047, at *2.

### B.  Lack of Subject Matter Jurisdiction

Defendants challenge this Court's subject matter jurisdiction on two grounds, contending that Plaintiff lacks standing to bring the action and, alternatively, that the *Rooker-Fledman* doctrine applies to bar Plaintiffs' claims. Plaintiff bears the burden of proving the existence of subject matter jurisdiction. *See Evans v. B.F. Perkins, Co.*, 166 F.3d 642, 647 (4th Cir. 1999). When a defendant argues lack of subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

### 1.     Challenge to Plaintiff's Standing

Defendants first argue that Plaintiff lacks standing to pursue this action, specifically because Plaintiff suffers no injury-in-fact necessitating judicial adjudication. ECF No. 33-1 at 35. A plaintiff's standing is tested at the time the complaint is filed. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc.*, 528 U.S. 167, 189 (2000) ("The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (citations omitted); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 570 n.5

(1992) (plurality opinion) ("[S]tanding is to be determined as of the commencement of suit."); *cf.*

*Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830 (1989) ("The existence of federal

jurisdiction ordinarily depends on the facts as they exist when the complaint is filed.").

A plaintiff has standing if (1) he or she has suffered "an injury-in-fact," (2) "that is fairly

traceable to the challenged conduct of the defendant," and (3) "that is likely to be redressed by a

favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (citing *Lujan*,

504 U.S. 555, 560–61 (1992)). The "injury in fact" must be concrete, particularized, and actual

or imminent. *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560).

Defendants contend that Plaintiff has no injury-in-fact because she has been discharged

of the personal obligation of the loan in bankruptcy and continues to reside in the property.

Additionally, Defendants contend Plaintiff pays no tax obligations or bills, evidencing her lack

of injury. The Court is not persuaded.

Plaintiff's injury stems from her interest in the Property from a recorded deed. *See* ECF

No. 33-8 at 15; *cf. Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *4

(D. Md. May 20, 2015) (finding standing lacking where there was no recorded deed because

"[w]ithout ownership, Mr. Graves would not suffer any injury from Defendant's actions with

regard to the Property."), *reconsideration denied sub nom. Graves v. OneWest Bank*, No. PWG-

14-1995, 2015 WL 6769115 (D. Md. Nov. 2, 2015), *aff'd sub nom. Graves v. Onewest Bank,*

*FSB*, 653 F. App'x 788 (4th Cir. 2016). Moreover, Plaintiff's allegation of a recession directly

challenges the validity of the lien and the right of the lender to foreclose as contemplated by

Maryland law. *See generally Bates v. Cohn*, 417 Md. 309, 318–19 (2010) ("Before a foreclosure

sale takes place, the defaulting borrower may file a motion to 'stay the sale of the property and

dismiss the foreclosure action.'" (quoting Md. Rule 14–211(a)(1)). The borrower, in other words,

may petition the court for injunctive relief, challenging "the validity of the lien or . . . the right of the [lender] to foreclose in the pending action." Md. Rule 14–211(a)(3)(B). *Cf. Franklin v. Bww Law Grp., LLC*, No. DKC 16-0455, 2016 WL 2756576, at *5 (D. Md. May 12, 2016) (finding plaintiff had standing where "Plaintiff's claims concerning the foreclosure proceeding [arise] . . . from Defendant's conduct since Plaintiff filed for bankruptcy."), *reconsideration denied*, No. DKC 16-0455, 2016 WL 3136879 (D. Md. June 6, 2016); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 471 (D. Md. 2013) (lack of standing where "no existing effort to enforce Mr. Marchese's DOT through a power of sale foreclosure when he filed his Complaint"); *Chalk v. PNC Bank, Nat. Ass'n*, No. CCB-11-3052, 2012 WL 2915289, at *3 (D. Md. July 16, 2012) (plaintiff borrower lacked standing where no foreclosure action pending and no effort to enforce deed of trust at the time of the complaint). Plaintiff has alleged a viable injury-in-fact caused by Defendants' actions.  Accordingly, Plaintiff has standing to bring her claims.

### 2.    *Rooker-Feldman* **Doctrine**

Defendants next argue that Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. ECF No. 33 at 35–38. *Rooker-Feldman* bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Under the *Rooker-Feldman* doctrine, federal courts lack subject matter jurisdiction to sit in appellate review of judicial determinations made in state courts. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). "[J]urisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997); *see* 28 U.S.C. § 1257(a).

More recently, the Supreme Court has sought "to refocus lower courts that had extended the *Rooker-Feldman* doctrine 'far beyond the contours of the *Rooker* and *Feldman* cases . . . .'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x. 231, 237 (4th Cir. 2013) (unpublished opinion) (quoting *Exxon*, 544 U.S. at 283). The Fourth Circuit has since emphasized that preclusion doctrines, not *Rooker-Feldman*, should be applied unless the state court proceedings were the cause of the injury. *Thana v. Bd. of License Comm'rs for Charles Cty.*, Md., 827 F.3d 314, 320 (4th Cir. 2016); *Smalley*, 526 F. App'x. at 237 and n.2. As the Fourth Circuit recently held:

> [T]he distinction between preclusion principles and the *Rooker-Feldman* doctrine can sometimes be subtle, but it is nonetheless important to maintain. Preclusion principles are designed to address the tension between two concurrent, independent suits that results when the two suits address the same subject matter, claims, and legal principles. Whereas the *Rooker-Feldman* doctrine, by contrast, assesses only whether the process for appealing a state court judgment to the Supreme Court under 28 U.S.C. § 1257(a) has been sidetracked by an action filed in a district court specifically to review that state court judgment. Thus, if a plaintiff in federal court does not seek review of the state court judgment itself but instead "presents an independent claim, it is not an impediment to the exercise of federal jurisdiction that the same or a related question was earlier aired between the parties in state court."

*Thana*, 827 F.3d at 320 (citations omitted).

Here, the *Rooker-Feldman* doctrine does not apply because Plaintiff's state case is currently on appeal. *Thana*, 827 F.3d at 320 (citations omitted). Plaintiff, therefore, is not asking this Court "to exercise appellate jurisdiction over a final judgment from '*the highest court of a State in which a decision could be had*.'" *Id.* (quoting 28 U.S.C. § 1257(a) (emphasis added)). Given that the state court litigation is still "on track for potential review by the U.S. Supreme Court," this suit would not "bypass the Supreme Court's appellate jurisdiction under 28 U.S.C. §

1257(a) over any relevant state court judgment." *Id.* at 322. Put differently, Plaintiff's suit in this

Court does not implicate the purpose behind the *Rooker-Feldman* doctrine—to prevent litigants

from frustrating the Supreme Court's jurisdiction. *Butterworth v. Black*, No. PWG-15-1721,

2016 WL 4662344, at *5 (D. Md. Sept. 6, 2016) (citing *Thana*, 827 F.3d at 320) (finding

*Rooker-Feldman* doctrine inapplicable with pending appeal in Maryland Court of Special

Appeals). Accordingly, this Court cannot dismiss under the *Rooker-Feldman* doctrine.

### C.  **Motion to Dismiss for Failure to State a Claim**

Defendants also move to dismiss under Fed. R. Civ. P. 12(b)(6) because Plaintiff's claims

are barred under the doctrines of *res judicata* and collateral estoppel. *See* ECF No. 33-1 at 14–

20.  A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Presley v.

City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks

omitted). When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled

allegations of the complaint as true," and "construe the facts and reasonable inferences derived

therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474

(4th Cir. 1997). "The mere recital of elements of a cause of action, supported only by conclusory

statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v.

McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009)). Factual allegations "must be enough to raise a right to relief above the speculative level

on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this

standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim.

However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684

F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a

complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

*Res judicata* and estoppel are affirmative defenses. *See* Fed. R. Civ. P. 8(c)(1); *see also Georgia Pac. Consumer Prod., LP v. Von Drehle Corp.*, 710 F.3d 527, 533 (4th Cir. 2013). Although it is rare to grant dismissal based on an affirmative defense, dismissal may be warranted when the "facts sufficient to rule on an affirmative defense are alleged in the complaint" or in other documents properly considered under Rule 12(b)(6). *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

When reviewing a motion to dismiss, "[t]he court may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see also CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). To be "integral," a document must be one "that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (citation and emphasis omitted).

Here, the Note, the Deed of Trust, and the Notice of Rescission are referenced in the Complaint and are integral to Plaintiff's claims because they set forth the parties' respective rights to the Property. Accordingly, these documents may be considered without converting the motion into one for summary judgment. In addition, facts and documents subject to judicial notice may be considered by a court without converting the motion under Rule 12(d). *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Katyle v. Penn Nat'l Gaming,*

*Inc.*, 637 F.3d 462, 466 (4th Cir. 2011). Here, the Court may take judicial notice of the prior

litigation between the parties and consider related documentation. *Andrews v. Daw*, 201 F.3d

521, 524 n.1 (4th Cir. 2000) ("[W]hen entertaining a motion to dismiss on the ground of res

judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res

judicata defense raises no disputed issue of fact.").

      Because the relevant prior proceeding was in a Maryland state court, this Court will apply

Maryland law regarding *res judicata*. *See Migra*, 465 U.S. at 81. "*Res judicata* and collateral

estoppel are based upon the judicial policy that the losing litigant deserves no rematch after a

defeat fairly suffered, in adversarial proceedings, on issues raised, or that should have been

raised." *Grady Mgmt., Inc. v. Epps*, 98 A.3d 457, 472 (Md. Ct. Spec. App. 2014). "Res judicata .

. . bars a party from relitigating a claim that was decided or could have been decided in an

original suit." *Laurel Sand & Gravel Co. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008) (citing

*Pueschel v. United States*, 369 F.3d 345, 355 (4th Cir. 2004)). When a federal court litigant

asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state

court judgment the same preclusive effect as would be given that judgment under the law of the

State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465

U.S. 75, 81 (1984).

      Under Maryland law, *res judicata*, or claim preclusion, "applies when (1) the present

parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is

identical to the one determined in the prior adjudication, and (3) there has been a final judgment

on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534,

at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville*, 887 A.2d

1029, 1037 (Md. 2005)).  Regarding the first prong, it is undisputed that this case involves the

same parties as in the state action or ones in privity with the state-action parties. *See Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *2 (D. Md. Nov. 28, 2016) (citing *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (finding that "because all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met")).

"Privity for *res judicata* purposes involves a person so identified in interest with another that he represents the same legal right." *FWB Bank v. Richman*, 354 Md. 472, 498 (1999) (quoting *In re Matter of Wilcher*, 56 B.R. 428, 438 (Bankr. N.D. Ill. 1985)). In the State Foreclosure Action, 21st Mortgage Corporation's interests were in privity with the substitute trustee, John E. Driscoll, *et al.*, who initiated the foreclosure proceedings, and Williams was the defendant. In this action, Williams is the plaintiff, and 21st Mortgage Corporation is the defendant. ECF No. 25 at 2, Amended Complaint. In the State Foreclosure Action, Ocwen was the loan servicer and acted as attorney-in-fact for 21st Mortgage Corporation. Defendant Ocwen, therefore, is also in privity with 21st Mortgage. *See* ECF No. 25 at 17; ECF No. 44 at 3; *Jones v. HSBC Bank USA, N.A.*, 444 F. App'x 640, 644 (4th Cir. 2011) (finding privity where the sole party that prosecuted the foreclosure action on behalf of the loan servicer and noteholder was the party to the federal action); *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 571 (D. Md.), *aff'd*, 229 F.3d 1141 (4th Cir. 2000) (citing *FWB Bank v. Richman*, 354 Md. 472, 498 (1999)) ("Although the actual parties to the foreclosure action are not the same in both suits, those who were substituted are in privity with those named in the original suit."); *Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *2 (D. Md. Nov. 28, 2016) (citing *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (finding

that "because all defendants share a mutuality of interest with respect to the validity of the foreclosure judgment, the first element of the claim preclusion test is met")).

As to the second prong, Maryland uses the transaction test to determine whether the claims in this case are identical to those in the prior proceeding. *See Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)). In this case, the State Foreclosure Action and the present case involve the same Note and Deed of Trust on the Property, and Plaintiff's motion to stay or dismiss the foreclosure proceeding in state court was grounded in the same claims that she raises in this case. *Compare* ECF No. 25, *with* State Foreclosure Action, ECF No. 18. Further, Plaintiff sought the same relief in state court that she seeks here—to stop her foreclosure. Thus, the second prong is satisfied. *See McCreary v. Benificial Mortg. Co. of Maryland*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds plaintiff's common law claims, *inter alia*, for fraud, fraudulent misrepresentation, intentional infliction of emotional distress, and gross negligence because "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings").

"With regard to the [third] element, 'final judgment' includes any prior adjudication of an issue in another action *that is determined to be sufficiently firm to be accorded conclusive effect*,' based on factors such as whether the parties were heard in the issue and whether the decision was appealable." *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *5 (D. Md. May 20, 2015) (quoting *Morgan v. Morgan*, 68 Md. App. 85, 92 (Md. Ct. Spec. App. 1986)

(quoting Rest. 2d (Judgments) § 13 (emphasis in *Morgan*))). "In a foreclosure proceeding, . . . if the defendant indeed does challenge the right to sell prior to the sale and the court actually determines that right after a proper hearing, that issue cannot be relitigated in a subsequent phase of the action." *Id.* (quoting *Morgan*, 68 Md. App. at 92).  Accordingly, the Circuit Court's denial of Plaintiff's motion to dismiss the foreclosure proceeding constitutes a final judgment for *res judicata* purposes. *See Morgan*, 510 A.2d at 270; *cf. Talley v. Ocwen Loan Servicing*, No. 16-CV-389, 2016 WL 1321427, at *2 (D. Md. Apr. 5, 2016), (finding *res judicata* applicable in a pending foreclosure action where "the state court has already permitted the parties to schedule a foreclosure sale and denied Plaintiff's objections"), *aff'd in part, vacated in part on other grounds, remanded sub nom. Talley v. Ocwen Loan Servicing, LLC*, No. 16-1478, 2017 WL 218858 (4th Cir. Jan. 19, 2017).  This is so even though the state decision is currently on appeal. *See Powell v. Breslin*, 59 A.3d 531, 538–39 (Md. 2013) (collecting cases). Accordingly, the third and final prong is satisfied, and Plaintiff's claims in this case are barred under the doctrine of *res judicata*. Defendants' Motion to Dismiss is granted.

### D.  Dismissal with Prejudice

"'The determination whether to dismiss with or without prejudice under Rule 12(b)(6) is within the discretion of the district court.'" *Weigel v. Maryland*, 950 F. Supp. 2d 811, 825–26 (D. Md. 2013) (quoting *180S, Inc. v. Gordini U.S.A., Inc.*, 602 F. Supp. 2d 635, 638–39 (D. Md. 2009)). Generally, the plaintiff should be afforded the opportunity to amend, *see id.*, or dismissal should be without prejudice. *See Adams v. Sw. Va. Reg'l Jail Auth.*, 524 F. App'x 899, 900 (4th Cir. 2013) ("Where no opportunity is given to amend the complaint, the dismissal should generally be without prejudice."); *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013) (same).

However, "dismissal with prejudice is proper if there is no set of facts the plaintiff could present to support his claim." *Weigel*, 950 F. Supp. 2d at 825–26. The Fourth Circuit has explained:

> While a potentially meritorious claim . . . , should not be unqualifiedly dismissed for failure to state a claim unless its deficiencies are truly incurable, such an unqualified dismissal is entirely proper when the court has reviewed the claim and found it to be substantively meritless. Once a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation.

McLean v. United States, 566 F.3d 391, 400–01 (4th Cir. 2009) (internal citation omitted).

Putting to one side that Plaintiff has previously been afforded leave to file an Amended Complaint, ECF No. 19, further amendment could never undo the preclusive effects of the Circuit Court's prior opinion and order in the State Foreclosure Action.  The Amended Complaint's "deficiencies are truly incurable." *McLean,* 566 F.3d at 400–01. *See also Graves*, 2015 WL 2452418, at *6 (citing *McLean*, 566 F.3d at 400–01). Therefore, dismissal must be with prejudice. *See id.* (citing *McLean*, 566 F.3d at 400–01); *Weigel*, 950 F. Supp. 2d at 825–26.

### III.    CONCLUSION

Based on the foregoing, this Court GRANTS the Defendants' motion to dismiss WITH PREJUDICE. Defendants U.S. Bank, Residential Funding, and John Doe 1 through 10 are DISMISSED WITHOUT PREJUDICE. A separate order will follow.

 3/27/2017                                                            /S/
Date                                                    Paula Xinis
                                                        United States District Judge

19